UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD MORGAN,

        Petitioner,

    v.                              Case No. 23-C-1040

LANCE WIERSMA,

        Respondent.

## ORDER

Petitioner Ronald Morgan, who is on extended supervision pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for writ of habeas corpus on August 4, 2023. Petitioner was convicted in the Circuit Court of Marathon County of three counts of second-degree sexual assault of a child and was sentenced to six years of initial confinement and nine years of extended supervision.

Petitioner previously filed a federal habeas corpus petition challenging the same conviction he challenges here. *See Morgan v. Jess*, No. 19-CV-796 (W.D. Wis.). A petitioner cannot file a second or successive petition that challenges the same conviction challenged in a prior petition without certification from the Seventh Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). On October 4, 2023, the court ordered Petitioner to show cause why his petition should not be dismissed as an unauthorized second or successive petition. Petitioner responded, indicating that his case in the Western District of Wisconsin was dismissed

in April 2020. Petitioner has not shown that he obtained an order from the court of appeals permitting him to proceed on his claims in a second or successive petition and has failed to show cause why this case should not be dismissed. Accordingly, this case is dismissed for being a second or successive petition. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing."). A certificate of appealability will be denied, as the court concludes that its decision is neither incorrect nor debatable among jurists of reason. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment accordingly.

A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Petitioner decides to appeal, he should also request that the court of appeals issue a certificate of appealability. *See* Fed. R. App. P. 22(b).

**SO ORDERED** at Green Bay, Wisconsin this 27th day of October, 2023.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge